**RAMADA FRANCHISE SYSTEMS, INC., Plaintiff–Appellant,**

v.

**Gene BOYCHUK and BBS Inns, Ltd., Defendants–Appellees.**

**No. 03–9243.**

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

Dennis R. Lafiura (Richard D. Ballot, on the brief) Pitney, Hardin, Kipp & Szuch LLP, Morristown, NJ, for Appellant.

John J. Carusone, Jr., Carusone and Carusone, Saratoga Springs, NY, for Appellees.

Present: CARDAMONE, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ramada Franchise Systems, Inc. ("RFS") appeals from the judgment of the Northern District of New York (Hurd, *J.*) in its action against Dr. Gene Boychuk ("Dr.Boychuk") and BSB Inns, Ltd. ("BSB"), (collectively, "Defendants"), arising from a dispute regarding Dr. Boychuk's role in a Lake George Ramada franchise operated by his brother, George Boychuk ("George"). *Ramada Franchise Sys., Inc. v. Boychuk,* 283 F.Supp.2d 777 (N.D.N.Y.2003) (Hurd, *J.*). Following George's death, Ramada sought unpaid franchise and royalty fees from BSB, the corporate entity formed for purposes of managing and operating the franchise, and from Dr. Boychuk, a BSB stockholder. Dr. Boychuk and BSB disclaimed liability for these fees because they were not signatories to the license agreement. RFS alleged six causes of action: the first for trademark infringement in violation of the Lanham Act; the second through fifth for breach of an implied in fact license agreement; and the sixth for restitution based on the theory that Dr. Boychuk and BSB were unjustly enriched. Following a bench trial, the district court found for RFS on its Lanham Act claims against BSB and dismissed all other claims. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We review the district court's findings of fact for clear error. *See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 241 F.3d 135, 145 (2d Cir.2001). The district court has sorted out a somewhat confused set of facts, has made factual findings that are not clearly erroneous, and has drawn available inferences. We therefore affirm the district court's judgment as to RFS's implied contract and Lanham Act claims.

A district court's refusal to enhance damages pursuant to the Lanham Act is reviewed for abuse of discretion. *Sony Corp. v. Elm State Elecs., Inc.,* 800 F.2d

317, 321 (2d Cir.1986). Where money damages are warranted, the Lanham Act permits the court to "enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117. The statute makes clear that this enhanced sum is to be compensatory and not punitive. *Id.* ("Such sum in either of the above circumstances shall constitute compensation and not a penalty."). As the district court noted, "RFS has offered no non-punitive reasons for the enhancement." *Ramada Franchise Sys., Inc.,* 283 F.Supp.2d at 791. We therefore affirm this ruling.

We review the denial of the unjust enrichment claim for abuse of discretion. *Indyk v. Habib Bank Ltd.,* 694 F.2d 54, 57 (2d Cir.1982). To prevail on an unjust enrichment claim under New York law, RFS must establish: "(1) that [BSB and Dr. Boychuk were] enriched; (2) that the enrichment was at [RFS's] expense; and (3) that circumstances are such that in equity and good conscience [BSB and Dr. Boychuk] should return the money or property to the [RFS]." *Golden Pac. Bancorp v. F.D.I.C.,* 273 F.3d 509, 519 (2d Cir.2001). As the district court observed, here, "[t]here is no dispute that the hotel did not earn a profit, neither before nor after the license agreement was terminated." *Ramada Franchise Sys., Inc.,* 283 F.Supp.2d at 796. Although Dr. Boychuk was reimbursed for money he advanced, he never drew a salary from BSB. The district court did not abuse its discretion in concluding that the benefits enjoyed by Defendants were at best "two or three times removed from the services rendered [by RFS]" and therefore not "sufficiently tied to the unauthorized use of the Ramada marks." *Id.* at 797.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**